**ASSIGNMENT AND ASSUMPTION AGREEMENT**

This ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement"), is dated as of March 20, 2026 (the "Effective Date"), by and among Dynacq Healthcare, Inc., a Nevada corporation ("Dynacq"); Vista Community Medical Center, L.L.P., a Texas limited liability partnership ("VCMC"); Vista Land & Equipment, L.L.C., a Texas a Texas limited liability company ("VLE"); Doctors Practice Management, Inc., a Texas corporation ("DPM"); Surgery Specialty Clinicians, Inc., a Texas corporation ("SSC"); Vista Hospital of Dallas, L.L.P., a Texas limited liability partnership ("VHD"); and Ambulatory Infusion Therapy Specialists, Inc., a Texas corporation ("AITS" and together with Dynacq, VCMC, VLE, DPM, SSC, and VHD, the "Assignors" and each individually, an "Assignor"), GrayStreet BIB Credit, LLC, and/or its designee(s) and/or assignee(s) ("GrayStreet Buyer" or "Assignee").

RECITALS

WHEREAS, Assignors and Assignee are parties to that certain Amended Purchase Agreement, dated March 20, 2026, along with Legent Hospital Northwest Houston, LLC, d/b/a Legent North Houston Surgical Hospital and/or its designee(s) and/or its assignee(s) ("Legent Buyer") (the "Purchase Agreement").

WHEREAS, GrayStreet Buyer is a Texas limited liability company and has the right to assume the Assigned Contracts as designated on Schedule 3.6 of the Purchase Agreement and the Assumed Liabilities,[1] as set forth in Section 2.3 of the Purchase Agreement and applicable to the GrayStreet Buyer; and

WHEREAS, pursuant to the Purchase Agreement, Assignors have agreed to assign to Assignee, and Assignee has agreed to assume, the Assigned Contracts and the Assumed Liabilities as set forth herein;

NOW, THEREFORE, in consideration of the premises and of the representations, warranties, covenants, and agreements contained herein and in the Purchase Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this Agreement agree as follows:

1.      Assignment and Assumption.  Assignors hereby assign, transfer, and set over to Assignee, effective as of the Effective Date, the Assigned Contracts to which each Assignor is a party set forth on Schedule 3.6 of the Purchase Agreement and the Assumed Liabilities, as set forth in Section 2.3 of the Purchase Agreement, in each case applicable to the GrayStreet Buyer. Assignee hereby accepts such assignment and assumes and agrees to pay, perform, and discharge, effective as of the Effective Date, the Assumed Liabilities as set forth herein; *provided, however,* Assignee does not, and will not, assume or agree to assume, and will not accept or take over, any liabilities and obligations, other than the Assumed Liabilities as set forth herein, of Assignors of any nature, direct, contingent, or otherwise, which for the avoidance of doubt includes any Assumed Liabilities applicable to Legent Buyer.  Assignee assumes no Excluded Liabilities, and the parties agree that all such Excluded Liabilities remain the sole responsibility of Assignors.

2.      Terms of the Purchase Agreement.  The terms of the Purchase Agreement, including but not limited to Assignors' representations, warranties, covenants, agreements, and indemnities relating to the GrayStreet Assets, and the Assumed Liabilities, as applicable, are incorporated herein by this reference. Assignors hereby acknowledge and agree that the representations, warranties, covenants, agreements, and indemnities contained in the Purchase Agreement will not be superseded by this Agreement but will remain in full force and effect to the full extent provided in the Purchase Agreement.  In the event of any conflict or inconsistency between the terms of the Purchase Agreement and the terms of this Agreement, the terms of the Purchase Agreement will govern.

---

1. Capitalized terms not defined herein have the meaning assigned to them in the Purchase Agreement.

127421.000002 4922-0306-0114.7

3.      Governing Law; Submission to Jurisdiction.  This Agreement shall be governed by and construed in accordance with the internal Laws of the State of Texas without giving effect to any choice or conflict of Law provision or rule (whether of the State of Texas or any other jurisdiction) that would cause the application of the Laws of any jurisdiction other than the State of Texas, and the obligations, rights and remedies of the Parties shall be determined in accordance with such Law.  Prior to the closing of the Chapter 11 Cases, the Parties hereto agree that any Litigation seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement shall be brought exclusively in the Bankruptcy Court, and each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court (and of the appropriate appellate courts therefrom) in any such Litigation and irrevocably waives, to the fullest extent permitted by Law, any objection that it may now or hereafter have to the laying of the venue of any such Litigation in the Bankruptcy Court or that any such Litigation which is brought in the Bankruptcy Court has been brought in an inconvenient forum; *provided* that if the Bankruptcy Court is unwilling or unable to hear any such Litigation, then the federal courts of the United States of America sitting in Harris County, Texas, shall have exclusive jurisdiction over such Litigation.

4.      Miscellaneous.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their successors and permitted assigns.  This Agreement may be executed in one or more counterparts, each of which shall be considered an original instrument, but all of which shall be considered one and the same agreement, and shall become binding when one or more counterparts have been signed by each of the parties hereto and delivered to each of the Assignors and Assignee.  Delivery of a facsimile copy of an executed signature page, or delivery via email of a PDF or other electronic copy of an executed signature page to this Agreement shall be as effective as manual delivery of a manually executed counterpart of this Agreement.

*[Signature Page Follows]*

127421.000002  4922-0306-0114.7

The parties have executed this Agreement to be effective as of the Effective Date.

**ASSIGNORS:**

**DYNACQ HEALTHCARE, INC.,**

By: _____
Name: Dr. Eric Chan
Title: President and Chief Executive Officer

**VISTA COMMUNITY MEDICAL CENTER, L.L.P.**

By: _____
Name: Dr. Eric Chan
Title: President and Chief Executive Officer

**VISTA LAND & EQUIPMENT, L.L.C.**

By: _____
Name: Dr. Eric Chan
Title: President and Chief Executive Officer

**DOCTORS PRACTICE MANAGEMENT, INC.**

By: _____
Name: Dr. Eric Chan
Title: President and Chief Executive Officer

**SURGERY SPECIALTY CLINICIANS, INC.**

By: _____
Name: Dr. Eric Chan
Title: President and Chief Executive Officer

**VISTA HOSPITAL OF DALLAS, L.L.P.**

By: _____
Name: Dr. Eric Chan
Title: President and Chief Executive Officer

**AMBULATORY INFUSION THERAPY SPECIALISTS, INC.**

By: _____
Name: Dr. Eric Chan
Title: President and Chief Executive Officer

4922-0306-0114.4

[Signature Page to Assignment and Assumption Agreement (GrayStreet Assets)]

**ASSIGNEE:**

**GRAYSTREET BIB CAPITAL, LLC**

By: _____

Name: Kevin Covey

Title: Manager

[Signature Page to Assignment and Assumption Agreement (GrayStreet Assets)]

4922-6943-5033v.2